ALBERT J. SIEGLER, PLAINTIFF-APPELLANT, v. NEW AM-
STERDAM CASUALTY COMPANY, DEFENDANT-APPEL-
LEE.

Decided October 19, 1925.

Insurance—Workmen's Compensation—Cancellation of Policy For
Non-payment of Premium—Insured's Broker Assured Him
That Payment Made Would Make It All Right—Later, Audit
of Insured's Books Required Additional Premium Payment—
Subsequent Accident—Directed Verdict For Defendant Not
Set Aside, It Being Held That Due Notice of Cancellation
Had Been Given, That Broker's Assurance Did Not Protect
the Policy, and That the Untruthfulness For Reason of Can-
cellation Was Immaterial Since a Reason Was Not Neces-
sary.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellant, *Cohen & Klein.*

For the appellee, *Edwin I. Smith* and *Raymond Dawson.*

PER CURIAM.

This is an appeal from a judgment upon a directed ver-
dict in favor of the defendant at the Essex Circuit.

Appellant secured through his broker, Horwitz, an in-
demnity policy insuring him against employer's compensa-
tion in the defendant company. Such policy was dated May
19th, 1923, and expired May 19th, 1924, unless sooner can-
celed. The insurance ran to appellant as a mason. The esti-
mated premium was $27. This was paid by appellant
until August 24th, 1923, and was paid by him to his broker,
Horwitz, and by the latter to Eichhorn, the representative of
the insurance company, on August 27th, 1923.

On September 26th, 1923, the insurance company, under
the terms of the policy, gave appellant notice that the policy

would be canceled on and after October 7th, 1923, and that such cancellation was because of non-payment of premium. Horwitz claims that, on being notified of this by appellant, he took up the matter with Eichhorn, who replied, "don't worry, it will be alright."

Subsequently, an audit of the appellant's books or time sheets was made from the date of the policy, May 19th, 1923, to October 27th, 1923, the cancellation date, for the purpose of determining the total premium to be paid for the period from May 19th, 1923, to October 7th, 1923, and this was fixed at $22.94, in addition to the advance premium of $27.

On December 14th, 1923, one Robert Dixon, a carpenter, was injured, and the compensation bureau fixed the amount to be paid at $1,386.38. That judgment was entered March 31st, 1924. An informal hearing seems to have been had in December, 1923, and the formal hearing March 6th, 1924.

One Harry Kruvant, a brother-in-law of the appellant, was the original respondent in this proceeding, and appellant applied, to be added as a respondent. The judgment of the compensation bureau appears to have been against Kruvant only.

Notice of the injury to Dixon was not given to the insurance company by appellant until *February 16th 1924,* and the additional premium before referred to was not paid by appellant to his broker, Horwitz, until *February 13th, 1924.*

Appellant contends that the cancellation was ineffective because—

1. It is not shown that ten days elapsed between receipt of the notice and the date fixed for cancellation, October 7th.

2. That if the notice was proper the statement of Eichhorn, the representative of the insurance company, that it would be alright, abrogated and anulled the cancellation.

3. Because the reason given in the notice—non-payment of premium—was untrue.

We think none of these has any substances because—

1. It is admitted that the notice of cancellation was received and appellant had no loss until long after the date fixed for cancellation.

2. Whatever effect the statement of Eichhorn may have had, it was nullified by the subsequent audit, fixing of additional premium and the payment thereof.

3. The untruthfulness of the reason for cancellation was immaterial, because, under the terms of the policy, no reason was required to be assigned.

Appellant next contends that there was error in overruling a question to Horwitz:

"Q. What information did you convey to Eichhorn regarding the nature of the policy and the work to be covered by the policy?"

Such ruling was proper. Plaintiff was suing upon the contract as written, and it was immaterial in this action what the prior negotiations were.

Finally, the appellant contends it was error in permitting Horwitz to answer the question:

"Q. So you knew the purpose of that audit was to make audit after the cancellation notice, didn't you?"

We can see nothing harmful in this. The witness was appellant's broker, and had acted for him and was acting for him at the time of the audit and the cancellation of the policy.

On both grounds the direction was proper and the judgment is affirmed, with costs.